UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 2:12-md-02311 Honorable Sean F. Cox |
| | : : | |
| IN RE ELECTRONIC BRAKING SYSTEMS IN RE HYDRAULIC BRAKING SYSTEMS | : : : : | 21-cv-12000 21-cv-4402 21-cv-12002 21-cv-4502 |
| | : : | |
| THIS DOCUMENT RELATES TO: AUTOMOBILE DEALERSHIP ACTIONS | : : : : | |

**FINAL JUDGMENT APPROVING SETTLEMENT AGREEMENT BETWEEN DEALERSHIP PLAINTIFFS AND BOSCH DEFENDANTS**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between the Automobile Dealership Plaintiffs ("Plaintiffs") and Robert Bosch GmbH and Robert Bosch LLC (collectively "Bosch") set forth in the Settlement Agreement ("Agreement"), dated December 21, 2020, relating to the above-captioned actions (the "Actions"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this final judgment approving the Agreement

1

(the "Final Judgment"). Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreement. Good cause appearing therefore, it is:

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Judgment.

2. Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), Class Counsel, previously appointed by the Court, Cuneo, Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson · King LLP, are appointed as Counsel for the Hydraulic Braking Systems Settlement Class and the Electronic Braking Systems Settlement Class (collectively, "Settlement Classes"). These firms have, and will, fairly and competently represent the interests of the Settlement Classes.

3. The Court has exclusive jurisdiction over the Settlement and the Agreement including the interpretation, administration, and consummation of this Settlement.

4. Plaintiffs, having filed complaints in the Actions alleging that Bosch conspired to rig bids, allocate markets, and fix prices for Hydraulic Braking Systems and Electronic Braking Systems, and Bosch, having denied Plaintiffs' allegations and representing it would have asserted defenses thereto, have entered into the Agreement to settle the Action to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment

contemplated by the Agreement, and to put to rest with finality the Released Claims that have been or could have been asserted against Bosch Releasees (as defined in the Agreement). Pursuant to the Agreement, Bosch has agreed to provide specified monetary compensation to Plaintiffs, and to cooperate with Plaintiffs in connection with the continued prosecution of the Action against current Defendants or to-be-named co-conspirator Defendants.

5. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class Members pursuant to Rule 23.

6. The Court hereby dismisses on the merits and with prejudice the Action as to Bosch, including all individual and class claims asserted against Bosch with Plaintiffs and Bosch to bear their own costs and attorneys' fees except as provided herein or in the Agreement.

7. All Releasors (as defined in the Agreement) shall, by operation of law, be deemed to have released all Releasees from the Released Claims. All entities who are Releasors or who purport to assert claims on behalf of Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly in an individual or representative or derivative capacity, against the Bosch Releasees, in this or any other jurisdiction, the Released Claims and any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

3

8. The Bosch Releasees are hereby and forever released and discharged with respect to the Released Claims any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

9. Pursuant to Paragraph 28 of the Settlement Agreement, Bosch will not, for a period of twenty-four (24) months beginning on the date of entry of Preliminary Approval, from engaging in per se violation of Section 1 of the Sherman Act with respect to Hydraulic Braking Systems and Electronic Braking Systems.

10. Neither the Agreement, nor any act performed or document executed pursuant to the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

11. The notice given to the Settlement Classes of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes who could be identified through reasonable efforts. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

12. Without affecting the finality of this Final Judgment in any way, the Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Final Judgment;

(b) the implementation, enforcement, and performance of the Agreement and over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement, that cannot be resolved by negotiation and agreement by Dealership Plaintiffs and Bosch, including challenges to the reasonableness of any party's actions required by this Agreement; (c) any application for distribution of funds, attorneys' fees or reimbursement of costs and expenses made by Dealership Plaintiffs' Counsel; (d) any application for incentive awards for the Dealership Plaintiffs; and (e) the distribution of the settlement proceeds to members of the Settlement Classes.

13. In the event that the Settlement or Agreement does not become final in accordance with the terms of the Agreement, then this Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered, and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions ex ante and the parties shall take such other actions as specified in the Agreement in the event that the Settlement or Agreement should not become final.

14. The Escrow Account, into which Bosch has deposited assets with a total value of $708,000.00 as the Settlement Amount (as defined in paragraph 16 of the Agreement), plus accrued interest thereon and net any expenses incurred as contemplated in paragraph 30 of the Agreement, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B-1 and the Treasury Regulations promulgated thereunder.

15. The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement, Robert Bosch GmbH and Robert Bosch LLC. The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including Bosch, to contest certification of any other class proposed in any case within the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. The Court's findings in this Final Judgment shall have no effect on the Court's ruling on any motion to certify any class in any case within the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. No party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any class.

16. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

Dated: January 25, 2024               s/Sean F. Cox
                                      Sean F. Cox
                                      U. S. District Judge